# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JASON REESE,
:
    Petitioner,                                Case No. 1:08-cv-630

:         District Judge Sandra S. Beckwith
  -vs-                               Magistrate Judge Michael R. Merz

WARDEN, Warren Correctional Institution,
:
    Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case under 28 U.S.C. § 2254 is before the Court On Petitioner's Objections (Doc. No. 18) to the Magistrate Judge's Report and Recommendations (Doc. No. 17), recommending that the Petition be dismissed with prejudice. The General Order of Assignment and Reference for the Magistrate Judges at Dayton allows them to reconsider reports or decisions when objections are made, without a separate order of recommittal under Fed. R. Civ. P. 72.

In this case, Mr. Reese was convicted of one count of felonious assault when bullets he fired, intending to wound Horace Ralston, instead damaged George Fiorini's car, which Fiorini happened to be driving in the line of fire. The Hamilton County Court of Appeals, over a learned dissent by former Appeals Judge Mark Painter, affirmed application of the doctrine of transferred intent to these facts.

In the Report, the Magistrate Judge concluded that whether the doctrine of transferred intent would apply in these circumstances was a question of state law and the highest state authority on

the question was the majority opinion in this case. Under *Jackson v. Virginia*, 443 U.S. 307 (1979), the leading Supreme Court case on sufficiency of the evidence, it is state law which defines the elements of a crime as to which sufficient evidence must be produced. The State having thus defined the intent element needed here as including transferred intent, the Magistrate Judge reasoned that there was no basis for federal habeas relief, there being no question the State proved felonious assault intent as to Horace Ralston as victim.

Petitioner makes two responses. First of all, he claims that this retroactive expansion of the elements of felonious assault violates his Due Process rights as enunciated in *Bouie v. City of Columbia*, 378 U.S. 347, 351 (1964). Petitioner did not make this claim prior to the Report and Recommendations. Nevertheless, the Magistrate Judge proceeds to consider it on the merits.

In *Bouie*, the Supreme Court struck down as unconstitutional a new judicial construction of a trespass statute which applied it to persons who failed to leave a store after notice, as opposed to the prior construction, in which it applied only to those who received notice prior to entry.[1]

However, in *Rogers v. Tennessee*, 532 U.S. 451 (2001), the Court distinguished *Bouie* and held that the Due Process Clause does not incorporate as to state judicial decisionmaking all the restrictions imposed on state legislatures by the *Ex Post Facto* Clause. In *Rogers* the Tennessee Supreme Court, as an act of common-law lawmaking, (1) abolished the common-law rule that the death of an assault victim within a year and a day after the assault is a prerequisite to a homicide prosecution and (2) applied the abolition to uphold the murder conviction in that case where death occurred fifteen months after the assault. The United States Supreme Court upheld the conviction,

---

[1] *Bouie* involved a lunch counter sit in during the Civil Rights movement to protest segregation.

holding that the retroactive abolition of the year-and-a-day rule did not violate Rogers' due process rights. In *Rogers*, the Court described the situations to which it had applied *Bouie*:

> Those decisions instead have uniformly viewed *Bouie* as restricted to its traditional due process roots. In doing so, they have applied *Bouie's* check on retroactive judicial decisionmaking not by reference to the *ex post facto* categories set out in *Calder [v. Bull,* 3 Dall. 386, 1 L. Ed. 648 (1798)], but, rather, in accordance with the more basic and general principle of fair warning that *Bouie* so clearly articulated. See, e.g., *United States v. Lanier*, 520 U.S. 259, 266, 137 L. Ed. 2d 432, 117 S. Ct. 1219 (1997) ("Due process bars courts from applying a novel construction of a criminal statute to conduct that neither the statute nor any prior judicial decision has fairly disclosed to be within its scope"); *Marks v. United States*, 430 U.S. at 191-192 (Due process protects against judicial infringement of the "right to fair warning" that certain conduct will give rise to criminal penalties); *Rose v. Locke*, 423 U.S. 48, 53, 46 L. Ed. 2d 185, 96 S. Ct. 243 (1975) (per curiam) (upholding defendant's conviction under statute prohibiting "crimes against nature" because, unlike in *Bouie*, the defendant "[could] make no claim that [the statute] afforded no notice that his conduct might be within its scope"); *Douglas v. Buder*, 412 U.S. 430, 432, 37 L. Ed. 2d 52, 93 S. Ct. 2199 (1973) (per curiam) (trial court's construction of the term "arrest" as including a traffic citation, and application of that construction to defendant to revoke his probation, was unforeseeable and thus violated due process); *Rabe v. Washington*, 405 U.S. 313, 316, 31 L. Ed. 2d 258, 92 S. Ct. 993 (1972) (per curiam) (reversing conviction under state obscenity law because it did "not give fair notice" that the location of the allegedly obscene exhibition was a vital element of the offense).

532 U.S. at 460.

In *Bouie*, the South Carolina Supreme Court had, by a new interpretation of the trespass statute which is applied retrospectively, made criminal conduct which was innocent when it was done: remaining in a place of public accommodation after being asked to leave when one had had no notice before entering the store that one was unwanted. That is the most radically unfair sort of retrospective state action: criminalizing primary conduct when it is too late for the subject to

conform his conduct to the prohibition. Petitioner suffered no unfairness like this. At the time he shot at Horace Ralston, his primary conduct was plainly prohibited by law. Indeed, unlike the conduct of the defendants in *Bouie*, his behavior was *malum in se*: everybody knows you can't shoot people.[2] *Bouie* affords no basis for relief here.

Petitioner's other response is to ask this Court to certify to the Ohio Supreme Court the question whether Ohio's transferred intent doctrine applies to the facts in this case.

Ohio S. Ct. Prac. R. XVIII adopts for Ohio the Uniform Certification of Questions of Law Act. Adopting it as a rule of the Supreme Court rather than a statute was done on the initiative of Chief Justice Thomas Moyer and District Judge Walter Rice of this Court. The practice is available when a federal court "issues a certification order finding there is a question of Ohio law that may be determinative of the proceeding and for which there is no controlling precedent in the decisions of this Supreme Court." *Id.*

While certification is an extremely useful tool in an appropriate case,[3] it is not appropriate in this case because the answer will not be determinative. If the Ohio Supreme Court accepted the certification, it would only be answering a question of state law for the first time at the supreme court level. But that answer would not make the prior contrary answer of the Hamilton County Court of Appeals in this case unconstitutional. To put it another way, the answer would not be

---

[2]Contrast the *Bouie* situation: the restaurant operator held out an invitation to the general public to come in to eat, although it had a policy "not to serve Negroes in that [luncheonette] department." *Columbia v. Bouie,* 239 S.C. 570, 572, 124 S.E. 2d 332 (1962).

[3]See *Morgan v. Eads,* 104 Ohio St. 3d 142, 818 N.E. 2d 1157 (2004), where the Ohio Supreme Court resolved a long-standing issue about the collateral or direct appeal status of proceedings under Ohio R. App. P. 26(B) on certification from Magistrate Judge William Baughman of the Northern District of Ohio.

determinative because it would not be retroactive and thereby apply to this case.

**Conclusion**

Based on the foregoing analysis, it is again respectfully recommended that the Petition herein be dismissed with prejudice.

December 7, 2009.

s/ **Michael R. Merz**
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).