```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION
```

Jason Reese,                       : Case No. 1:08-cv-630
                                   :
    Petitioner,                :
                                   :
vs.                                :
                                   :
Warden, Warren Correctional        :
Institution,                       :
                                   :
    Respondent.                :

**ORDER**

Before the Court are Petitioner's objections to the Magistrate Judge's Report and his Supplemental Report and Recommendation. (Docs. 18 and 22) Petitioner objects to the Magistrate Judge's recommendation that his petition for a writ of habeas corpus be denied.

**FACTUAL AND PROCEDURAL BACKGROUND**

The facts of the incident leading to the charges against Jason Reese are set forth in the Ohio Court of Appeals decision, and are not challenged by Reese in this proceeding. (Doc. 9, Return of Writ at pp. 2-3.) Briefly summarized, Reese was with two friends at a bar on an evening in February 2006. One of his friends made disparaging remarks to another patron, Diana Victoriano, who was at the bar with her boyfriend and several of his friends, including Horace Ralston. Victoriano's boyfriend became angry about the remarks, and an altercation ensued. The

-1-

two groups of friends provided different accounts of what happened next. According to Victoriano, Reese and his friends left the bar first, and she was afraid they would "jump" her and her boyfriend if they also left. Victoriano and her entire group then left the bar, saw Reese and his friends nearby, and Ralston asked the Reese group if they wanted to fight. As Reese got into a car with his friends, he pulled a gun out and warned Ralston to back away. As Ralston continued to approach the car with his hands in the air, Reese rolled down the window and fired three shots. Two bullets hit Ralston directly, and one bullet hit the windshield of a passing motorist, George Fiorini. One of the bullets that hit Ralston also hit Fiorini's car.

According to Reese and his friends, Ralston had threatened to pull a knife out and stab them while they were still in the bar, prompting them to leave and go back to their car. Ralston and the others followed them, and Ralston was waving a knife at Reese and threatening to stab him. Reese pulled out his gun and warned Ralston to back away, but Ralston continued to approach the car. After Reese and his friends got into the car, Ralston and his friends surrounded the car and blocked the car from leaving. Reese rolled down the window and fired three warning shots, but he did not know that any of the shots actually hit Ralston or Fiorini's car.

Reese was subsequently indicted for felonious assault on

Fiorini with firearm specifications. A second indictment, returned two weeks later, charged Reese with two counts of felonious assault on Ralston with firearm specifications. Ohio's felonious assault statute, Ohio Rev. Code 2903.11(A), states in pertinent part that "[n]o person shall knowingly do either of the following: (1) cause serious physical harm to another...; (2) cause or attempt to cause physical harm to another ... by means of a deadly weapon or dangerous ordinance." A jury found Reese guilty on all three felonious assault counts under both subsections of the statute. On June 30, 2006, Reese was sentenced to an aggregate term of ten years.

Reese timely appealed and raised two assignments of error. In a written decision on August 24, 2007, the Ohio Court of Appeals affirmed, finding the evidence was sufficient to support both convictions. Reese then appealed to the Ohio Supreme Court, specifically arguing that the doctrine of transferred intent did not apply to his conviction for assault on Fiorini. (See Exhibit 12 to Return of Writ at p. 2.) The Ohio Supreme Court declined to review his case, finding it did not involve any substantial constitutional question.

Reese then timely filed his petition for a writ of habeas corpus in this Court on September 16, 2008, raising four grounds for relief. (Doc. 2) Reese has conceded that grounds two, three and four are procedurally defaulted, and he has withdrawn those

claims. (Doc. 15) Ground One of his petition challenges his conviction for assaulting Fiorini, and claims:

> The doctrine of transferred intent does not apply to a criminal case when the type of harm that was intended is not the same as the type of harm that resulted. Fifth and Fourteenth Amendments to the United States Constitution, and Section 16, Article I of the Ohio Constitution. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005).

### DISCUSSION

Reese's petition is governed by the requirements of the Antiterrorism and Effective Death Penalty Act. Under the AEDPA, a federal court may not grant habeas corpus relief to a state prisoner unless it concludes that the state court's adjudication of the prisoner's claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d). "A state court renders an adjudication 'contrary to' clearly established federal law when it 'arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law' or 'decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts.'" Carter v. Mitchell, 443 F.3d 517, 524 (6th Cir. 2007),

citing Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court unreasonably applies clearly established federal law when it "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id.

In defining the term "objectively unreasonable," the Supreme Court has stated that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. at 411.

Reese's only non-defaulted claim argues that his Fiorini conviction is not supported by proof beyond a reasonable doubt. His claim that the conviction violates the Ohio constitution is not cognizable here. As for his federal constitutional claim, Reese raised the transferred intent issue in his direct appeal. The Ohio Court of Appeals rejected his argument and held:

> In the present case, Reese was convicted of felonious assault for knowingly attempting to cause physical harm to Fiorini. Reese did not intend to harm Fiorini or to damage his vehicle. Thus the issue was whether Reese should have been held criminally liable for an attempt to cause physical harm to Fiorini based on his intent to assault Ralston.
>
> We hold that the doctrine of transferred intent was properly applied to the offense involving Fiorini. Where the defendant shoots wildly in a business district and one of the shots enters the passenger

> compartment of an occupied automobile, the conviction for attempting to cause serious physical harm should stand. The fact that there was no physical harm to Fiorini's person is irrelevant; the statute did not even require physical harm to the intended victim. If Reese had merely struck the intended victim's car, the conviction would have been proper. Under the law, the unintended victim is accorded the same protection as the intended victim. The intent is what is transferred, not the harm.

State v. Reese, 2007 Ohio 4319 at ¶¶23-24, 2007 Ohio App. LEXIS 3866 at **9-10 (Ohio 1st Dist. App., August 24, 2007).

One judge dissented from the majority's opinion on this issue. The dissenting opinion noted that while the Ohio Supreme Court has applied transferred intent when the defendant

> ... "intentionally acts to harm someone but ends up accidentally harming another," the court has not decided whether the doctrine of transferred intent should be used to impose criminal liability upon a defendant when the resulting harm or injury is not the same type of harm intended.

State v. Reese at ¶35 (quoting from In re T.K., 109 Ohio St.3d 512, 2006 Ohio 3056, at ¶15). Since Fiorini sustained no personal injury and only damage to his vehicle, the dissent concluded that the doctrine did not apply because the harm Fiorini sustained is not the same as the harm Reese intended to inflict on Ralston. Reviewing statutes from other states that limit the doctrine to situations where the harm to the unintended victim is the same as that contemplated by the defendant for the intended victim, the dissent would have held that "the transferred intent doctrine does not apply when the crime charged

-6-

is an attempt offense, and when the type of harm intended and the type of harm that resulted are not the same." State v. Reese, at ¶43.

In his initial Report (Doc. 17), the Magistrate Judge concluded that Reese's claim raised a question of state law. Reese essentially argued that the Ohio Court of Appeals decision was wrong in concluding that the doctrine of transferred intent applied to the facts of his case. The Magistrate Judge correctly observed that this Court has no power to substitute its own judgment for that of the Ohio court on this question of Ohio law. This Court is not free to grant relief simply because this Court disagrees with the state court of appeals, or because it might have joined the dissent. The Court must find that the state court's decision was objectively unreasonable in applying established **federal** law in order to grant habeas relief.

And in that regard, the only established federal law upon which Reese relied was Bradshaw v. Richey, 546 U.S. 74 (2005). In that case, the defendant Richey tried to kill his ex-girlfriend and her boyfriend by deliberately setting fire to a neighbor's adjacent apartment. Richey's two intended victims escaped, but the neighbor's two-year old child died in the fire. Richey was charged and convicted of aggravated felony murder of the child on the theory of transferred intent, a conviction affirmed by the Ohio Supreme Court. The federal district court

denied Richey habeas relief, but the Sixth Circuit reversed. It found that the Ohio Supreme Court erred in finding that the transferred intent doctrine could be applied to Richey's felony murder charge. The state was granted certiorari, and the Supreme Court vacated the Sixth Circuit's decision. The Court found that the Ohio Supreme Court's interpretation of the Ohio felony murder statute directly contradicted the Sixth Circuit's analysis, and that the Ohio Supreme Court had specifically held that the doctrine of transferred intent "is firmly rooted in Ohio law." The Court noted its frequent holding that a "state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." Id. at 76. There is nothing in Richey suggesting that Ohio's transferred intent doctrine is limited to the facts of that case, or that it cannot be applied to Reese's assault conviction.

Reese objected to the Magistrate Judge's Supplemental Report. (Doc. 18) He contends that he is raising a federal due process claim that is rooted in Bouie v. City of Columbia, 378 U.S. 347 (1964), and that the Ohio Court of Appeals decision amounts to an unconstitutional judicial expansion of Ohio's felonious assault statute. The Magistrate Judge's Supplemental Report (Doc. 19) notes that Reese had not previously raised this argument, but nevertheless reviewed it on the merits and rejected

-8-

Reese's due process argument.

Bouie vacated state criminal trespass convictions against two civil rights demonstrators conducting a peaceful sit-in at a segregated drug store lunch counter in South Carolina in 1960. They were convicted of trespass when the state supreme court construed a state trespass statute to apply to their refusal to leave the counter after an employee posted a "No Trespass" sign. The statute in question prohibited entry on land "after" notice was posted by the owner. The demonstrators received no notice before they entered the store or sat down at the lunch counter. Nevertheless, the state supreme court expanded the statute's reach to include the act of refusing to leave after being told to do so. The United States Supreme Court found that the state court's decision deprived the demonstrators of their due process right to "fair warning" that their conduct was criminal.

The Magistrate Judge notes that the Supreme Court distinguished Bouie in Rogers v. Tennessee, 532 U.S. 451 (2001), involving a murder conviction based on defendant's assault of his victim. The victim died some fifteen months later, and Tennessee's common law rule at the time of the assault provided that the victim must die "within a year and a day" in order to prosecute the assault as a murder. On defendant's direct appeal of his murder conviction, the Tennessee Supreme Court abolished the year-and-a-day rule. The United States Supreme Court

affirmed, finding no violation of defendant's due process rights and rejecting the argument that <u>Bouie</u> required the application of the specific prohibitions of the ex post facto clause to all judicial decision-making.  The Court discussed its authorities applying <u>Bouie</u> to situations implicating the "more basic and general principle of fair warning," a principle resting on core due process concepts:  "Due process bars courts from applying a novel construction of a criminal statute to conduct that neither the statute nor any prior judicial decision has fairly disclosed to be within its scope."  <u>Rogers</u> at 459-460 (internal quotation omitted).

And in <u>Bradshaw v. Richey</u>, discussed above, the Supreme Court rejected Richey's argument - which had been accepted by the Sixth Circuit - that the Ohio Supreme Court's affirmance of his conviction ran afoul of <u>Bouie</u>'s fair notice doctrine.  The Court noted that "It is doubtful whether this principle of fair notice has any application to a case of transferred intent, where the defendant's contemplated conduct was exactly what the relevant statute forbade, ... ."  <u>Id</u>. at 76-77.

Here, the statute under which Reese was convicted provides that no one shall "attempt to cause physical harm to **another**" by use of a firearm (emphasis added).  The statute does not require an attempt to cause harm to a specific victim.  The same observation was made in <u>Bradshaw v. Richey</u>, 546 U.S. at 77, as

-10-

Ohio's aggravated murder statute provided that no person shall be convicted of aggravated murder "unless he is specifically found to have intended to cause the death of *another*" (quoting Ohio Rev. Code 2903.01(D), emphasis in original). There was no basis upon which "another" could be read to mean only the "actual" intended victim, especially in view of the transferred intent doctrine's firm root in Ohio law. Moreover, as the Magistrate Judge aptly noted, Reese's primary conduct (shooting at Ralston through the open window of the car) was plainly covered by the felonious assault statute and thus plainly prohibited. Unlike the conduct of the peaceful demonstrators in *Bouie*, Reese's behavior was "...*malum in se*; everybody knows you can't shoot people." (Doc. 19 at p. 4.) This Court concludes that Reese's due process rights were not violated when he was convicted of felonious assault on Fiorini, as the state court's decision was not contrary to nor an unreasonable application of clearly established federal law.

Finally, Reese alternatively requests this Court to certify the issue raised in his claim to the Ohio Supreme Court. Such orders may be entered if there is "a question of Ohio law that may be determinative of the proceeding and for which there is no controlling precedent in the decisions of [the Ohio] Supreme Court." Ohio S. Ct. Prac. Rule XVIII. Reese presented his transferred intent argument to the Ohio Supreme Court which found

that his claim did not raise a substantial constitutional question.  The Ohio Court of Appeals decision is therefore the last reasoned state decision, and is final and binding on this Court on the Ohio law issue Reese raises.  Even if the Ohio Supreme Court accepted this Court's certification, its eventual decision would not affect the finality of the decision in Reese's case.  The Court therefore will not enter an order of certification.

As required by 28 U.S.C. §636(b) and Federal Rule of Civil Procedure 72(b), the Court has conducted a de novo review of the record in this case.  Upon such review, the Court finds that Reese's objections to the Magistrate Judge's Report and to his Supplemental Report and Recommendations are not well taken, and his objections are therefore overruled.  The Magistrate Judge's Report and the Supplemental Report are adopted by this Court.

It is therefore ordered that Reese's petition for a writ of habeas corpus is **DENIED** with prejudice.  A certificate of appealability shall not issue because jurists of reason would not find it debatable whether this Court is correct in concluding that Reese has not established a viable claim that his federal constitutional rights were violated.  See Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).

This Court **CERTIFIES**, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this Order would not be taken in good faith.

Petitioner will not be granted leave to appeal in forma pauperis. See Fed. R. App. P. 24(a); <u>Kincade v. Sparkman</u>, 117 F.3d 949, 952 (6th Cir. 1997). Petitioner is free to request the issuance of a certificate of appealability, and to seek leave to appeal in forma pauperis, from the Sixth Circuit Court of Appeals

    SO ORDERED.

    THIS CASE IS CLOSED.

DATED: February 1, 2010       <u>s/Sandra S. Beckwith</u>
                                      Sandra S. Beckwith
                                      Senior United States District Judge